

# Fourth Court of Appeals
## San Antonio, Texas

May 29, 2015

No. 04-15-00175-CV

**TEXAS MUTUAL INSURANCE COMPANY**,
Appellant

v.

Andrew S. **MCGAHEY**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-12185
Honorable Richard Garcia, Judge Presiding

# O R D E R

Texas Mutual Insurance Company filed a notice of appeal following the trial court's rulings on cross-motions for summary judgment. The clerk's record and supplemental clerk's record do not demonstrate that a final, appealable, judgment has been signed.

Texas Mutual Insurance Company sued Andrew S. McGahey and the Texas Department of Insurance, Division of Workers' Compensation, seeking review of a final decision of the workers' compensation division awarding income benefits to McGahey and seeking a declaratory judgment regarding the Department's interpretation and application of a section of the Texas Labor Code. Texas Mutual filed a motion for summary judgment. The Department filed a plea to the jurisdiction, and both the Department and McGahey filed cross motions for summary judgment. The trial court referred the case to an associate judge. The record contains a handwritten associate judge's report that indicates the judge's rulings would be rendered in separate signed orders. Our record contains three orders signed on February 27, 2015: (1) an order that states Texas Mutual's motion for summary judgment is "denied"; (2) an order that states McGahey's motion for summary judgment is "granted"; and (3) an order requiring Texas Mutual to pay McGahey $1582 in costs by March 27, 2015. Neither of the orders on summary judgment dismisses or otherwise disposes of Texas Mutual's claims against either defendant in the case and none of the orders contains any finality language.[1]

---

[1] The clerk's record contains an unsigned and undated order granting a nonsuit of Texas Mutual's claims against the Department. However, the record does not contain either a notice of nonsuit or a signed order granting nonsuit.

A summary judgment order "is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court … or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-93 (Tex. 2001). Because there has not been a conventional trial on the merits, the summary judgment orders in the record do not dispose of appellant's claims, and no order states "with unmistakable clarity" that it is a final judgment as to all claims and parties, the record does not contain a final appealable judgment. *See id.*

We ordered appellant to secure a supplemental clerk's record demonstrating our jurisdiction or otherwise show cause why this appeal should not be dismissed for lack of jurisdiction. Appellant has filed a response asking the court to abate the appeal for entry of a final judgment.

We **grant** the motion and **abate** this appeal. If a final appealable order is not filed in a supplemental clerk's record by **June 29, 2015**, the appeal may be dismissed.

Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 29th day of May, 2015.

Keith E. Hottle
Clerk of Court